**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CYD LAVAN ALEXANDER #1431495** | § | |
| | § | |
| **V.** | § | **A-15-CA-544-RP** |
| | § | |
| **DET. C. CROZIER #5333,** | § | |
| **M. FICKEL #5627, D. PERES #6676,** | § | |
| **T. SELLERS #6492, and** | § | |
| **J. HARRELL #3245** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court are Plaintiff's complaint and more definite statement.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. According to Plaintiff, on August 6, 2014, he arrived at the intersection of East Sixth Street and Brazos Street in Austin, Texas.  Plaintiff asserts there was a group of homeless people at the intersection.  He admits he knew some of them who announced Plaintiff had just found a bag with a couple of bottles of "stuff inside."  Plaintiff alleges some of those people thought it was "bath salts."  According to Plaintiff, he was approached by two homeless

men he knew as Big Bird and San Antonio, who asked Plaintiff what everyone was talking about. Plaintiff asserts he showed the two men and then he walked towards East Fifth Street and Brazos Street.  There, he allegedly spoked to another group of homeless people and met up again with Big Bird, San Antonio, and a man Plaintiff later discovered was a confidential informant for the Austin Police Department.  According to Plaintiff, the three men, along with a couple of others, asked to see the contents of the bag.  While Plaintiff was talking to one of the men, he took his hat off. Plaintiff asserts the confidential informant reached into the bottle and "took some out" and put some money in Plaintiff's hat.  Plaintiff claims he never handed the confidential information anything and the confidential informant did not hand Plaintiff any money.  Plaintiff asserts Big Bird, San Antonio, and the confidential informant walked away and Plaintiff started walking away a short time later. Plaintiff alleges he noticed a black SUV come across a parking lot and people in black running towards him.  Plaintiff allegedly stopped.  He claims the police knocked him to the ground, took his phone and knife, and detained him and another homeless man.  Plaintiff allegedly asked Officer Peres "who set [him] up."  According to Plaintiff, Officer Peres told him "we can make this go away."  At that time, a homeless woman allegedly approached and started yelling "that was her bag." Plaintiff states he was taken to East Seventh Street, presumably the police station, and was later taken to central booking.  He complains he was never read his <u>Miranda</u> rights.

Plaintiff sues Detective C. Crozier #5333, M. Fickel #5627, D. Peres #6676, T. Sellers #6492, and J. Harrell #3245.  He seeks the dismissal of his state criminal charges and an unspecified amount of monetary damages.

2

After considering Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement.  Plaintiff was instructed to state what acts the named defendants did to cause him damage.  The Court also ordered Plaintiff to answer questions about his arrest and detention.

Plaintiff asserts the officers stopped, detained, seized, searched, and arrested Plaintiff for an alleged delivery or possession of a controlled substance.  Plaintiff complains the officers involved failed to get sufficient identifying information from the witnesses present at the scene of the alleged crime.  Plaintiff also complains he was not properly warned, the warnings given were not adequate, and he did not waive his rights.  In a conclusory fashion, Plaintiff lists the violation of his rights under the Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.     Fourth and Fourteenth Amendments

Plaintiff claims he was arrested on August 6, 2014, for delivery or possession of a controlled substance.  Although Plaintiff's claims are not clear, he appears to argue he was wrongfully arrested or arrested without probable cause.

The Fourth Amendment of the United States Constitution, made applicable to the States by virtue of the Fourteenth Amendment, prohibits unreasonable searches and seizures. U.S. CONST. AMEND. IV; see U.S. CONST. AMEND. XIV, § 1.  Generally, a search or seizure without probable cause or warrant is a violation of the Fourth Amendment.  See United States v. Jones, 234 F.3d 234, 239 (5th Cir. 2000); Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994) ("The right to be free from arrest without probable cause is a clearly established constitutional right.").

A grand jury indictment is sufficient to establish probable cause. See Gerstein v. Pugh, 420 U.S. 103, 117 n. 19 (1975).  When the facts supporting an arrest "are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." Cuadra v. Hous. Indep. Sch. Dist., 626 F.3d 808, 813 (5th Cir. 2010).  The chain of causation remains intact, however, if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." Hand v. Gary, 838 F.2d 1420, 1428 (5th Cir. 1988).  In other words, "the chain of causation is broken only where all the facts are presented to the grand jury, where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary...." Id. at 1427–28.

State court records reflect Plaintiff was indicted with the offense of delivery of controlled substance (Cause No. D-1-DC-14-204544) and possession with intent to deliver a controlled

4

substance (Cause No. D-1-DC-14-204545). Because the grand jury indicted Plaintiff, he must show the officers tainted the grand jury's deliberations in some way. Plaintiff makes no such allegations in his complaint or more definite statement. Therefore, the police officers he sues are insulated from Plaintiff's claims that he was falsely arrest.

In addition to alleging he was wrongfully arrested, Plaintiff appears to also raise a claim that his search and seizure of property was illegal. This claim implicates the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. On January 28, 2016, Plaintiff was found guilty by a jury in the 427th Judicial Court of Travis County, Texas, of delivery of a controlled substance and possession with intent to deliver a controlled substance. State v. Alexander, Nos. D-1-DC-14-204544 and D-1-DC-14-204545. Prior to trial, Plaintiff filed a motion to suppress arguing there was no probable cause to arrest him and the drugs and statements made by him were the products of his illegal arrest. After a hearing on November 30, 2015, the state court denied Plaintiff's motion finding there was probable cause to arrest Plaintiff and that Plaintiff's voluntary statements were not made in response to questioning by the police.

The Court is of the opinion a successful outcome on Plaintiff's claims that the defendants violated his constitutional rights by illegally searching and seizing his property would necessarily call into question the validity of his conviction. It follows, therefore, that Plaintiff's claims are

Heck-barred and should be dismissed without prejudice to refiling once the conditions of Heck are met.

   C.  Fifth and Fourteenth Amendment

   The Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, provides that "no person ... shall be compelled in any criminal case to be a witness against himself." U.S. CONST. AMEND. V.  To help prevent the coercion of confessions by suspects, police officers must give Miranda warnings, which provide that a suspect has the right to an attorney and has the right to remain silent during interrogation.  See Dickerson v. United States, 530 U.S. 428, 434-35, (2000) (explaining the holding and purpose of Miranda v. Arizona, 384 U.S. 436 (1966)).  The rights guaranteed by Miranda, however, only apply to prevent coerced confessions during custodial interrogation.  See Miranda, 384 U.S. at 467 (explaining that when a suspect undergoes "in-custody interrogation," the suspect "must be adequately and effectively apprised of his [or her] rights").

   In Plaintiff's case, he admits he blurted out "who set me up" at the time of his arrest.  He does not allege his statement was the product of an interrogation.  Therefore, Plaintiff has failed to allege a valid constitutional claim regarding the failure to give him Miranda warnings.

   D.  Sixth Amendment

   The Sixth Amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI.  None of the facts alleged by Plaintiff relate to any of the clauses of the Sixth Amendment.  Accordingly, Plaintiff has failed to state a valid claim under this amendment.

      E.     <u>Ninth Amendment</u>

Nor can Plaintiff establish Ninth Amendment claims against the defendants. The Ninth Amendment to the United States Constitution states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  The Ninth Amendment does not provide an action for a civil rights violation.

      F.     <u>Tenth Amendment</u>

Plaintiff also has not stated a valid claim under the Tenth Amendment.  The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. Amend.  Plaintiff's alleged facts do not support a claim under the Tenth Amendment.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's claim regarding an alleged illegal search and seizure be dismissed without prejudice to refiling once the conditions of <u>Heck</u> are met.  It is further recommended that Plaintiff's remaining claims be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of February, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE